# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00056-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.    ) | **PRELIMINARY ORDER** |
| ) | **OF FORFEITURE** |
| RANDY HULLETTE.    ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Joint Motion for and Stipulation to Preliminary Order of Forfeiture [Doc. 14].

The parties have stipulated and consented to forfeiture, and the Court finds as follows:

1. In the Bill of Information [Doc. 1] in this case, the United States sought forfeiture of at least $41,891 in criminal proceeds of the embezzlement crime charged. Such proceeds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) (civil forfeiture of proceeds), which is applicable to this criminal forfeiture action by virtue of 28 U.S.C. § 2461(c). Further, the United States gave notice of its intent to request forfeiture of substitute property under 21 U.S.C. § 853(p), up to the amount of proceeds. Although some factual dispute between the parties on the amount of proceeds remains, Defendant agrees that assets are subject to

forfeiture and that his Plea Agreement [Doc. 2] whereby he pled guilty [Doc. 8] to the charges in the Bill of Information requires him to cooperate in forfeiture.

2. In a separate case that the Government contends is related to this case, the Government filed a Complaint for Forfeiture *In Rem* [Civil Case No. 1:12-cv-00380-MR-DLH, Doc. 1] against a Mercedes seized from conspirator Alex Nelson. The Government contends in the Complaint that the Mercedes is proceeds of conspiracy and embezzlement and was involved in money laundering related to the crimes against on the Foothills Airport. Defendant filed a Claim and Answer [Id., Docs. 4 and 9] in the separate case, largely disputing the factual bases for forfeiture of the Mercedes and asserting under penalty of perjury that he is the owner of the Mercedes. Although factual disputes between the parties remain about whether the Mercedes is proceeds and property involved in money laundering, the parties agree that the Mercedes is property of the Defendant for purposes of the substitute property laws to the extent that (1) Defendant is the sole owner of Burkemont Service Center, the title owner of the Mercedes and (2) Defendant has already applied for title in his name individually and expects to receive a copy of said title in his name

individually within the next three weeks and well before sentencing in this matter.

3. The parties now wish to resolve this matter and avoid a costly trial in the civil forfeiture matter, which requires submission of a comprehensive certification of initial attorneys' conference on or before November 11, 2013. Accordingly, the parties stipulate and agree that the amount of forfeiture proceeds money judgment for which Defendant may be held liable is at least equivalent to the amount that the Government could obtain in net proceeds (after costs of storage and sale) of the sale of the Mercedes and that the Mercedes may appropriately be forfeited as substitute property in this case since the proceeds of the embezzlement crime cannot otherwise be located for purposes of 21 U.S.C. § 853(p).

4. The U.S. Attorney's Office agrees to request restoration under 21 U.S.C. § 853(i) of net proceeds of any finally forfeited assets in this case, including the Mercedes, to pay down any outstanding restitution order against Defendant in this case. However, Defendant understands that the decision of whether or not to grant such "restoration" rests with the Chief of the Department of Justice Asset Forfeiture and Money Laundering Section, and not the U.S. Attorney's Office.

5. The parties agree that the stipulations herein do not in any way limit or affect either party's ability, if permitted by the Plea Agreement, to make arguments about Sentencing Guidelines loss, restitution, or additional forfeiture proceeds money judgments at sentencing.

6. The Government agrees that upon issuance of this Order, the Government will move to dismiss the Complaint for Forfeiture *In Rem* in Civil Case No. 1:12-cv-00380-MR-DLH, but such dismissal shall be without prejudice pending issuance of a final order of forfeiture in this criminal case.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant shall be liable for a forfeiture money judgment that is at least equivalent to the net proceeds of the sale of the Mercedes identified herein.

2. The criteria for forfeiture of substitute property as set forth in 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(b)(2) have been satisfied, and the United States is authorized to seize or otherwise maintain possession of the following substitute property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein: **one 2008 Mercedes C300,**

**with VIN WDDGF54X78F075326**, seized on June 5, 2012 from Alex Dean Nelson at 4640 Celia Creek Road, Lenoir, North Carolina.

    3.    Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this Preliminary Order; notice of its intent to dispose of the forfeited property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order, as a substitute for published notice as to those persons so notified.

4. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

**IT IS SO ORDERED.**   Signed: November 12, 2013

Martin Reidinger
United States District Judge