THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00056-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RANDY HULLETTE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order that funds held by a third-party be applied to restitution. [Doc. 43]. No response has been received.

The Defendant pleaded guilty to one count of embezzlement, in violation of 18 U.S.C. §§ 666(a)(1)(A) and (2), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(3). [Doc. 39]. On April 20, 2017, this Court sentenced the Defendant to a total of three (3) years probation and ordered him to pay a $200.00 special assessment and $41,861.54 in restitution. [Id. at 2, 4].[1] According to the Government, the

---

[1] The Defendant was held jointly and severally liable with co-defendant Alex Dean Nelson for the total amount of restitution. [Id. at 5].

Defendant has paid the special assessment but has made no payments toward satisfaction of his restitution obligation. [Doc. 43 at ¶ 3].

The Government now moves the Court for an order requiring a third-party to apply funds in partial satisfaction of Defendant's outstanding restitution, pursuant to 18 U.S.C. §§ 3663, 3664(m)(1)(A), and 3572(d)(1). [Doc. 43]. Specifically, the Government asserts the funds sought are in the amount of $35,374.87 and are currently in the possession of third-party Richard W. Beyer, Attorney at Law. [Id.]

In support of its motion, the Government states that:

> 4. On or around May 6, 2015, the United States became aware of an action by Defendant Randy Hullette to sell inherited property located at 103 Abee Street, Morganton, NC 28655.
>
> 6. [sic] On or around May 8, 2015, the United States Attorney's Office sent a letter to Richard W. Beyer, Attorney at Law, indicating the United States' intention to pursue a motion for turnover for the $35,374.87, the amount of sale proceeds due Defendant, following the issuance of a final judgment. A copy of the letter was mailed to Sean Devereux, Defendant's defense attorney.
>
> 7. [sic] Richard W. Beyer, Attorney at Law has funds in its possession that should be applied to Defendant's restitution obligation for the benefit of his victim(s).

[Id. at ¶¶ 4, 6, and 7].

As grounds for its motion, the Government cites, without further elaboration or meaningful discussion, two statutory bases: 18 U.S.C. §§ 3664(m)(1)(A) and 3572(d)(1). [Id. at ¶ 8]. Section 3664 provides, in pertinent part, that the Government may enforce an order of restitution in the manner provided for in the statute or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Section 3572, in turn, provides in pertinent part that a person ordered to pay a fine or restitution shall make such payment immediately, unless otherwise ordered by the Court. 18 U.S.C. § 3572(d)(1). The Government fails to offer any legal analysis explaining how this cited authority supports its request for an order directing the payment of funds by a third party. Further, the Government has failed to present a sufficient factual basis from which the Court could conclude that the funds held by Attorney Beyer belong to the Defendant and that the requested order is the necessary and proper means for recovering such funds.

Accordingly, the Government's motion should be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for an Order that Funds Held by Third Party be Applied to Restitution [Doc. 43] is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: July 7, 2017

Martin Reidinger
United States District Judge